TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Karl Hunter,*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karl Hunter,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Fidelity Creditor Service, Inc.,<br>a California corporation,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**FOR VIOLATIONS OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

1

NOW COMES THE PLAINTIFF, KARL HUNTER, BY AND THROUGH COUNSEL, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), Cal. Civ. Code § 1788.30(f), and 28 U.S.C. §§ 1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Palmdale, Los Angeles County, California.

3. Venue is proper in the Central District of California, Southern Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Palmdale, in Los Angeles County, California. Mr. Hunter is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5. The Defendant to this lawsuit is Fidelity Creditor Service, Inc., which is a California corporation that maintains its offices in Los Angeles County, California.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Avors Medical Group in the amount of $172.00 ("the alleged Debt").

7. On or about May 19, 2017, Mr. Hunter obtained his Trans Union credit file and noticed that Defendant reported the alleged Debt.

8. On or about June 13, 2017, Mr. Hunter, through his counsel, Credit Repair Lawyers of America, submitted a request for verification of the alleged Debt to Defendant. In the letter, Mr. Hunter stated that he disputed the alleged Debt, asked Defendant to cease communication with him, and requested verification of the alleged Debt.

9. On or about June 23, 2017, Defendant sent a letter to Credit Repair Lawyers of America to collect the alleged Debt.

10. To date, Defendant has not provided verification of the alleged Debt.

## COUNT I-VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt. Defendant violated this provision by continuing to collect the alleged Debt after Plaintiff requested verification of the alleged Debt; and

   b. 15 U.S.C. §1692g(b) by continuing to collect the alleged Debt after Plaintiff notified Defendant that the alleged Debt was disputed.

16. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### **COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.* ("ROSENTHAL ACT")**

17. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

19. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

20. Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

21. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

22. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the Rosenthal Act:

    a. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

24. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

25. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

    E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

    F. Punitive damages; and

    G. Such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 24, 2017            KENT LAW OFFICES

By:   */s/ Trinette G. Kent*
      Trinette G. Kent
      Attorneys for Plaintiff,
      Karl Hunter